# PLEA AGREEMENT




| Subject<br>United States v. Marquez Cameron Jones Weston<br>Criminal No. 3:24-cr-90-DPJ-ASH | Date<br>February 4, 2025 |
|---|---|

**To:**
Michael L. Scott
Assistant Federal Public Defender
Office of the Federal Public Defender
Southern District of Mississippi

**From:**
Kimberly T. Purdie
Assistant United States Attorney
Southern District of Mississippi
Criminal Division

Marquez Cameron Jones Weston, Defendant herein, and Michael L. Scott, attorney for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1. **Count of Conviction.** It is understood that, as of the date of this plea agreement, Defendant and Defendant's attorney have indicated that Defendant desires to plead guilty to Counts 1, 3, 5, 8, and 9 of the indictment.

2. **Sentence.** Defendant understands that the penalty for the offense charged in **Count 1** of the indictment, charging a violation of Title 18, United States Code, Sections 2251(a) and (e), is not less than 15 years nor more than 30 years in prison; a term of supervised release of not less than 5 years up to life; and a fine of up to $250,000; Defendant understands that the penalty for the offense charged in **Count 3** of the indictment, charging a violation of Title 18, United States Code, Section 2252(a)(1), is not less than 5 nor more than 20 years in prison; a term of supervised release of not less than 5 years up to life; and a fine of up to $250,000; Defendant understands that the penalty for the offense charged in **Count 5** of the indictment, charging a violation of Title 18, United States Code, Section 875(b), is not more than 20 years in prison; a term of supervised release of not more than 3 years; and fine of up to $250,000; Defendant understands that the penalty for the offense charged in **Count 8** of the indictment, charging a violation of Title 18, United States Code, Section 2261A(2), is not more than 5 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000; and Defendant understands that the penalty for the offense charged in **Count 9** of the indictment, charging a violation of Title 18, United States Code, Section 875(d), is not more than 2 years in prison; a term of supervised release of not more than 1 year; and a fine of up to $250,000.

Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives; further, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that Defendant is liable to make restitution for the full amount of

the loss determined by the Court, to include relevant conduct, which amount is not limited to the count of conviction. Defendant further understands that if the Court orders Defendant to pay restitution, restitution payments cannot be made to the victim directly but must be made to the Clerk of Court, Southern District of Mississippi. Defendant understands that an order of forfeiture will be entered by the Court as a part of Defendant's sentence and that such order is mandatory.

      a.      **Restitution to any Minor Victims of Offenses Committed by Defendant**

      1.      Pursuant to 18 U.S.C. §2259 and §3663, the Defendant agrees to make full restitution to all minor victims of his offenses as to the counts charged in both Criminal No. 3:24-cr-90-DPJ-ASH and Criminal No. 3:24-cr-17-DPJ-ASH. Further, the Defendant agrees to pay restitution to any of his minor victims, whether or not those minors are named in the indictment or identified in the factual basis of the guilty plea, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. Further, pursuant to 18 U.S.C. §3664 (d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

      2.      Defendant understands and acknowledges that the sentence may include an additional special assessment per count by the Court under the Justice for Victims of Trafficking Act of 2015, pursuant to Title 18, United States Code, Section 3014. Defendant further understands that an order of forfeiture will be entered by the Court as a part of Defendant's sentence and that such order is mandatory.

      3.      **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

      4.      **Immigration Status.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigrations status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses and in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless desires to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is automatic removal from the United States.

      5.      **Breach of This Agreement and Further Crimes.** It is further understood that

should Defendant fail or refuse as to any part of this plea agreement or commit any further crimes, then, at its discretion, the U.S. Attorney may treat such conduct as a breach of this plea agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause or any applicable statute of limitations, and any federal criminal violation of which this office has knowledge.

6. **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than the day the guilty plea is entered and provide same to the undersigned AUSA. Defendant also agrees to provide all of Defendant's financial information the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

7. **Transferring and Liquidating Assets.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

8. **Future Direct Contact With Defendant.** Defendant and Defendant's attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorney understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after

sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

9. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights:

a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c. any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e. Defendant further acknowledges that Defendant's attorney has advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement and accompanying Plea Supplement, along with any and all factual statements, made, adopted, or admitted by Defendant in any form or forum including at

Defendant's change of plea hearing and in any debriefings with the government (regardless of whether these debriefings may have been conducted pursuant to a "proffer agreement" or other form of agreement between the parties), can be used against Defendant, without limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse to fulfill any part of this Plea Agreement and accompanying Plea Supplement and/or should Defend commit any further crimes, regardless of whether this Plea Agreement and accompanying Plea Supplement have been accepted by the Court.

   f. Defendant waives any challenges to venue in this district.

   g. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, or should the Defendant fail or refuse to fulfill any part of this Plea Agreement and accompanying Plea Supplement (including by failing or refusing to plead guilty before the Court), or should the Court refuse to accept this Plea Agreement and accompanying Plea Supplement, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time- barred on the date that this Plea Agreement is signed.

   h. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

   i. Notwithstanding the foregoing, Defendant retains the right to pursue a claim of ineffective assistance of counsel based on information not now known to Defendant and, which in the exercise of reasonable diligence, could not be known at the time of sentence.

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement and accompanying plea supplement.**

10. **Complete Agreement.** It is further understood that this plea agreement and the plea supplement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;
4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

PATRICK A. LEMON
Acting United States Attorney

_Kimberly Purdie_          2/20/25
Kimberly T. Purdie          Date
Assistant United States Attorney

_Marquez Weston_          2/6/25
Marquez Cameron Jones Weston          Date
Defendant

_Michael L. Scott_          6 February 2025
Michael L. Scott          Date
Attorney for Defendant